UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BASIM HENRY, | : | |
| | : | Civ. No. 24-171 (JKS) |
| Petitioner, | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| BRUCE DAVIS, et al., | : | |
| Respondents. | : | |

**SEMPER, District Judge**

Pro se petitioner Basim Henry, a prisoner at New Jersey State Prison in Trenton, New Jersey, petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. DE 1. Petitioner raises due process and ineffective assistance of counsel claims. DE 1 at 4–7; DE 1-2 at 6–22.  Before the Court is (1) Petitioner's motion to stay the petition and hold it in abeyance so he can exhaust a jury tampering claim in state court (DE 10), and (2) Respondents' request for an extension of time within which to answer the petition (DE 12). For the reasons below, (1) the motion to stay will be denied without prejudice; (2) Petitioner will be provided 30 days within which to file a motion to amend, a proposed § 2254 amended petition that includes the jury tampering claim he seeks to exhaust, and a second motion to stay that addresses the factors set forth in *Rhines v. Weber*, 544 U.S. 269 (2005); and (3) Respondents' request for an extension of time will be denied as moot. The Court will address the time within which Respondents must answer the petition once the Court rules on the motions to amend and stay the petition.

Petitioner asserts that his petition is a "mixed petition" under *Rose v. Lundy*, 455 U.S. 509 (1982), because it contains both exhausted and unexhausted claims. DE 10 at 5. When presented with a mixed petition, a court may, if appropriate, grant a protective stay to permit the

petitioner to exhaust the unexhausted claims while suspending the running of the limitations period on the exhausted claims. *See Rhines*, 544 U.S. at 275–78. Before granting such a stay, however, the Court must examine whether good cause exists for the petitioner's failure to exhaust, whether the unexhausted claims are potentially meritorious, and whether the petitioner is merely seeking a delay. *See id.* at 277; *Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013).

Here, Petitioner contends his petition contains three grounds for relief—denial of "due process and a fair trial[] in violation of the Fourteenth Amendment" (Ground One), denial of "effective assistance of counsel[] in violation of the Sixth Amendment" (Ground Two), and "jury tampering" (Ground Three)—and that only Grounds One and Two are exhausted. DE 5 at 4–5. This is not an accurate description of the petition he has filed; neither his petition nor his memorandum of law contain a ground for relief based upon jury tampering, nor any discussion whatsoever setting forth a factual or legal basis for such a claim. *See* DE 1 at 7 (listing Ground Three as "N/A"). Accordingly, the Court will grant Petitioner 30 days within which to file motions to (1) amend his petition to include his jury tampering claim and (2) stay the amended petition while he exhausts that claim in state court.

The Court notes that Petitioner asserts, in his stay motion, that the jury tampering claim is unexhausted because "the evidence underlying [the claim] has only recently been made known to him within the past five months via affidavits of witnesses." DE 10 at 5. He alleges that the evidence "consists of affidavits of multiple witnesses who witnessed the trial judge and a deliberating juror enter into private and confidential discussions in the judge's presence . . . outside the presence of the defendant, without his knowledge, and without a record of such communication . . . immediately prior to [the jury] rendering a verdict." DE 10 at 5–6. As noted

above, to merit a stay, Petitioner must establish good cause for failure to raise the additional claim previously, the factual and legal merit of the additional claim, and the absence of intentional dilatory litigation tactics. *See Rhines*, 544 U.S. at 277; *Gerber*, 512 F. App'x at 135. In his current motion to stay, Petitioner asserts that he has affidavits of multiple witnesses who witnessed the alleged wrongdoing; however, he has not provided the Court with these documents. Petitioner should include this evidence in support of his motion to stay his amended petition so that the Court may analyze the *Rhines* factors.

Finally, Respondents will not be required to answer the petition until the Court has decided Petitioner's motions to amend and stay the petition and the operative petition is before the Court. Accordingly, the Court will deny as moot Respondents' request for additional time to answer the petition.

**IT IS**, therefore, on this 24th day of April, 2024

**ORDERED** that the Clerk of the Court shall **REOPEN** this matter solely for purposes of this Memorandum and Order and shall thereafter **ADMINISTRATIVELY TERMINATE** this proceeding; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that, if the case is reopened, it is not subject to the statute of limitations time bar provided the original petition was timely; and it is further

**ORDERED** that Petitioner's motion to stay (DE 10) is **DENIED WITHOUT PREJUDICE**; Petitioner shall have 30 days from the date of this Memorandum and Order to submit (1) a motion to amend his petition, (2) a proposed amended petition that includes the jury tampering claim he seeks to exhaust, and (3) a second motion to stay that addresses the *Rhines* factors and includes the supporting evidence and affidavits referenced above.

In the alternative—i.e., instead of seeking to amend—Petitioner may choose to proceed on his petition as filed, and, if he so chooses, he must advise the Court of this choice in writing within 30 days of the date of this Memorandum and Order; and it is further

**ORDERED** that, upon receipt of Petitioner's motions to amend and stay or a writing from Petitioner within the time allotted by the Court stating he wishes to proceed on the petition as filed, the Clerk will be directed to reopen this proceeding; Petitioner is advised that his failure to either (1) file the motions to amend and stay as instructed herein or (2) advise the Court of his choice to proceed on the petition as filed will result in the Court reopening this matter and proceeding on the petition as filed; and it is further

**ORDERED** that Respondents' request for an extension of time to answer the petition is **DENIED** as moot; Respondents are not required to submit an answer until the Court has decided Petitioner's motions to amend and stay the petition and the operative petition is before the Court; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

_____
**JAMEL K. SEMPER, U.S.D.J.**